**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0692n.06

No. 12-5853

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| PHILLIP THOMPSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and SILER, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.  Phillip Thompson appeals the district court's denial of a reduction for acceptance of responsibility in sentencing him for bank robbery and firearm offenses.  We affirm.

On the morning of December 17, 2009, Thompson robbed two banks at gunpoint in Memphis, Tennessee.  After the second robbery, Thompson fled in his car and led police on a high-speed chase, during which he leaned out of his vehicle and fired several shots with a rifle. Thompson eventually crashed into a building, fled on foot, and was apprehended by police.

Thompson was charged with and pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a),  one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), one count of possession of a firearm by a felon in

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

violation of 18 U.S.C. § 922(g), and one count of possession of ammunition by a felon in violation

of 18 U.S.C. § 922(g). The district court sentenced Thompson to concurrent terms of twenty years

for each bank robbery conviction, concurrent terms of ten years for each felon-in-possession

conviction, and ten years for the § 924(c) conviction, all to be served consecutively for a total of

forty years of imprisonment.

In this timely appeal, Thompson challenges the district court's denial of a reduction for

acceptance of responsibility under USSG § 3E1.1(a), which provides for a two-level decrease in a

defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for

his offense." Because "[t]he sentencing judge is in a unique position to evaluate a defendant's

acceptance of responsibility . . . . , the determination of the sentencing judge is entitled to great

deference on review." USSG § 3E1.1, comment. (n.5). We therefore review that determination for

clear error. *United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011).

In determining whether a defendant has accepted responsibility, the district court may

consider whether the defendant truthfully admits or does not falsely deny "any additional relevant

conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." USSG § 3E1.1,

comment. (n.1(A)). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that

the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

*Id*.

At the plea hearing and again at sentencing, Thompson maintained that he did not fire his

weapon directly at the pursuing officer, asserting that he fired the weapon in the air. Officer John

Standridge testified at sentencing that he observed Thompson lean out of his vehicle and fire at least

a dozen shots in the officer's direction. Finding that Officer Standridge was credible and that Thompson shot at the officer, the district court denied a reduction for acceptance of responsibility because "there was a . . . significant material misstatement with the intent that the court rely upon it, and that has now been proven to be false."

According to Thompson, the district court denied a reduction for acceptance of responsibility based on the prosecutor's inaccurate account that Thompson "insisted he held that gun straight up in the air." Thompson asserts that he said that he fired the weapon in the air, which he contends is consistent with the officer's account of the incident, and never claimed that he fired the weapon "straight up" in the air. Regardless of whether he used the words "straight up," Thompson specifically stated at sentencing that he "didn't fire the weapon directly at officers" and "[i]t wasn't directed at any officers at all," in conflict with Officer Standridge's testimony that Thompson fired shots in his direction. We can discern no clear error in the district court's denial of a reduction for acceptance of responsibility where the district court, crediting Officer Standridge's testimony, found that Thompson made a material misstatement about whether he fired at the officer. *See United States v. Lay*, 583 F.3d 436, 448-49 (6th Cir. 2009); *United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995).

Thompson further argues that the prosecutor arbitrarily declined to move for a one-level reduction for acceptance of responsibility under USSG § 3E1.1(b) based on a clearly erroneous factual determination. As discussed above, the district court did not clearly err in denying a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a); therefore, Thompson was not entitled to a one-level reduction under USSG § 3E1.1(b). *See* USSG § 3E1.1(b) (providing for

No. 12-5853
*United States v. Thompson*

a one-level decrease upon the government's motion "[i]f the defendant qualifies for a decrease under

subsection (a)").

For the foregoing reasons, we affirm Thompson's sentence.